[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] THE COURT'S MEMORANDUM CONCERNING RESULTS OF IN CAMERA INSPECTION OF "PRIVILEGED" DOCUMENTS ON WYETH'S PRIVILEGE LOG DATED NOVEMBER 6, 1998
BOOK NO. 1:
As to the Baggani case, the court has reviewed documents P-8 through P-16 and finds that all of them are protected by the attorney-client privilege.
In the Brown case (P-17 through P-20) all documents are subject to the attorney/client privilege.
In the Cembalisky case, the following documents are subject to disclosure:
P-21 to the extent that the "attached published article" should be provided. It involves IVV and has obviously been published and is no longer subject to attorney-client privilege.
P-25 was part of document referred to in deposition; any privilege, therefore, has been broken.
P-27 plaintiffs expert's report in the case of Cembalisky v.Wyeth. This is a document, not from Wyeth, but from the plaintiff's experts in that case.
P-30 there is no indication it was between attorneys; only that it was from M. Kruchoski. It could conceivably be work product, but plaintiff can not get it from any other source.
P-44 documents provided to plaintiff in response to discovery in the Cembalisky case and, therefore, no longer confidential.
CT Page 15208 Note: Defendant is to turn over to plaintiff copies of depositions and responses to discovery in the Cembalisky case. There is no privilege if same has been revealed to the plaintiff's attorney in that case.
P-61 not between attorneys.
P-63 is attorney-client privilege but only as to the two pages that follow the fax cover letter; pages 2-5 should be turned over because they were not sent as part of the fax.
P-64 the documents do not indicate that they were prepared by or for attorneys or that they were communications between client and attorney. Therefore, they should be disclosed. It is clear that the plaintiff cannot obtain this information on her own the way defendant can provide it. Therefore, the provisions of work product confidentiality do not apply. If the plaintiff does not need it, then turning it over will not be harmful.
P-065 — P-65 through P-69 are handwritten notes without any indication as to there origin or to whom they went. Therefore, they should be disclosed.
P-070 a message from Ernie Powell to Professor Rosefsky: subject to attorney-client privilege.
P-71 and P-72 subject to attorney-client privilege.
P-73 is not between attorneys and is not subject to attorney-client privilege: nor is it subject to work product prohibition for the same reasons indicated above as to work product. This is discoverable.
P-074 subject to attorney-client privilege.
P-075 is subject to attorney-client privilege, except for the plaintiff's motions in limine in the Cembalisky case which are clearly not work product of the defendants nor attorney-client privilege of the defendants. It is part of the Cembalisky file and should be provided with redacting of the written notes. The Motions in Limine should be produced.
P-076 is not subject to attorney-client privilege since it is a communication between two individuals who are non-attorneys at Wyeth. The fact that a copy was sent to Attorney Powell does not CT Page 15209 make it subject to attorney-client privilege. This includes the table that accompanies the correspondence in P-076.
P-077 is subject to the attorney-client privilege. As well as P-078, P-079, P-080, P-081, P-082, P-083 and P-084. All of the remaining Cembalisky documents through P-118 appear to be handwritten notes by J. Rosefsky, however, the court is basing this decision on the representation of defendant's attorney that they were made at the direction of counsel and communicated tocounsel. (emphasis added). That would make them subject to attorney-client privilege although it is not indicated on the document whether they were communicated to counsel.
BERKEY CASE:
Documents P-1 and P-2 are subject are attorney-client privilege.
P-3 is a communication between Dr. Rosefsky and a registered nurse and is therefore not subject to attorney-client privilege or work product and must be disclosed.
P-4 is to Attorney Powell and is, therefore, subject to attorney-client privilege.
P-5 and P-6 are both memos from Attorney Powell to Dr. Rosefsky and are therefore subject to the attorney-client privilege.
P-7 is a communication from Attorney Powell from Dr. Rosefsky, Dr. Deitch and Dr. Wu and, therefore, subject to the attorney-client privilege.
----------------------------------------------------------------
BOOK NO. 2:
Re: Fein Case.
Documents P-119 through P-125 are subject to attorney-client privilege and/or work product. No. 119 are documents prepared for the Fein litigation by Attorney Casteel.
P-126 is a copy of the plaintiff, Melanie Fein's request for production of documents. That is not subject to the CT Page 15210 attorney-client privilege. Documents P-127 through P-132 are subject to attorney-client privilege with the exception of the February, 7, 1997, memorandum to Dr. Rosefsky from John Seneca, Regulatory Coordinator and with the exception of the letter from the Federal Department of HEW dated April 26, 1963 to Wyeth; the latter two should be disclosed.
P-133 is subject to attorney-client privilege except for the June 7, 1963 letter to the Food Drug Administration from Wyeth and the enclosed documents regarding Phenergan, as well as the letter from HEW to Wyeth dated August 7, 1963 to HEW from Wyeth dated August 30, 1963 with more documents as to Phenergan, a letter from Wyeth to HEW dated August 30, 1963 with documents regarding Phenergan, a letter to Wyeth dated December 24, 1963 from HEW. These exceptions are to be produced.
P-134 is subject to attorney-client privilege.
P-135 through P-138 are subject to attorney-client privilege.
P-139 is not subject to attorney-client privilege or work product and should be disclosed.
P-140 and P-141 are subject to the attorney-client privilege.
P-142 is not subject to the attorney-client privilege or work product.
P-143 is subject to attorney-client privilege.
P-144 and P-145 are subject to attorney-client privilege.
P-146 and P-147 are subject to attorney-client privilege.
P-148 is not subject to attorney-client privilege or work product.
P-149 is subject to attorney-client privilege.
P-175 through P-178 are subject to attorney-client privilege.
P-179, a letter between Dr. Spitzer of the Children's Hospital of Philadelphia and Dr. Deitch of Wyeth is not subject to attorney-client privilege or work product and must be produced. CT Page 15211
FOX LAWSUIT
P-180 is subject to attorney-client privilege.
P-181, P-182, P-183 are subject to attorney-client privilege.
P-184 are medical records subject to physician/patient privilege and appears to be ingestion of a formula by a child with no relevance and, therefore, no need to the plaintiff's case.
P-185 is subject to attorney-client privilege.
P-186 is subject to physician/patient privilege and there is no need for same by plaintiff's attorney since it involves two cans of Nursoy.
P-187 and P-188 are subject to attorney-client privilege.
P-189 is not subject to the privilege (the court has no idea as to who "A. King" is and, therefore, it should be produced).
P-190 is subject to attorney-client privilege.
All depositions and discovery in the above cases is not subject to attorney-client privilege or work product. They have already been made part of the file and/or have been imparted to third parties. Such depositions and discovery responses, etc., should be provided to plaintiff.
----------------------------------------------------------------
BOOK NO. 3:
P-191 is subject to attorney-client privilege.
P-192, P-193, P-194 and P-195 are subject to attorney-client privilege.
P-196 between Attorney Cole and insurance carrier is not subject to attorney-client privilege or work product and should be disclosed.
P-197 appear to be a reprint of a document and is not protected by attorney-client privilege or work product. CT Page 15212
P-198 and P-199 are subject to attorney-client privilege.
P-200 and P-201, P-202, P-203, P-204, P-205, P-206 are subject to attorney-client privilege.
P-207 is not subject to the attorney-client or work product privilege and should be produced.
P-208, P-209, P-211, P-212, P-213, P-214, P-215, P-216, P-217, P-218, P-219, P-220, P-221, P-222, P-223, P-224 are subject to attorney-client privilege.
P-225 from Maureen Conway to Dr. Rosefsky is not attorney-client privilege or work product and is subject to disclosure.
P-226, P-227 and P-228 are subject to attorney-client privilege.
P-229 is unclear as to the identity of Stacey Mufson and unless further information is provided, this should be disclosed.
P-230, P-231 and P-232, based upon defense counsel's representation are handwritten notes of Dr. Rosefsky made at the direction of counsel and would be work product. However, there is no specific evidence as for what purpose they were done or upon whose direction. Based upon counsel's representation, it is work product and has to do with SMA high energy infant formula for which information there does not seem to be a need to the plaintiff. The same would apply to P-233, and, therefore, they are considered work product.
P-234 is a letter between attorneys and is in regard to theRiley case which has to do with the SMA high energy infant formula and would appear to be work product because there does not seem to be a need for plaintiff to have same.
P-235 is protected by the attorney-client privilege.
P-236 appears to be work product because it involves SMA high energy infant formula and there is no apparent need for the plaintiff to have same.
P-237 are medical records, lab reports of Riley and would CT Page 15213 appear to be work product and/or physician patient privilege, regarding the infant formula and would not seem to be needed by the plaintiff.
The following documents are subject to attorney-client privilege:
P-238, 239, 241, 244, 246, 247, 248, 249, 250, 251, 253, 254, 255, 256, 257, 258, 259, 263 (except requests for production in the Morton case, which should be produced), 266, 267, 268, 270, 271, 273, 274, 275, 276, 277, 279, 280, and 283.
The following documents are not attorney-client privilege or work product and must be produced:
P-240, 242, 243, 245, 252, 260, 262, 264, 265, 269, 272, 278, 281 and 282.
----------------------------------------------------------------
BOOK N0. 4:
The following documents are subject to attorney-client-work product privilege: all are labeled with "P".
286, re: Ferne Renwick v. Wyeth — U.S. District Court, eastern district of Michigan, southern division. Case No. 94-40468.
287, 288, 289, 293, 294, 295, 297, 298, 299, 300, 301, 302, 303, 304 and 305 (is a Mediation Report of the U.S. District Court of eastern district of Michigan dated 8/21/96 in Renwick v.Wyeth. If this case is still pending, it is subject to the protective order in that case. If case has been concluded, this Mediation Report is to be turned over to plaintiff subject to a similar protective order from this court. Defense counsel is to advise this court in writing with copy to counsel as to status of that case.)
306 — 313
317, 318, 341, 342, 343, 345, 346, 347, 348, 353, 354, 356, 357, 358, 359 and 360 (359 and 360 are not identified by said numbers, but seem to be the last two documents in the book).
339 and 340, assuming McGlinchey, Stafford, Mintz, Cellini CT Page 15214 and Lang are counsel for Wyeth.
321 — 338 are not on the privileged log.
The following documents are discoverable and must be turnedover to plaintiff forthwith:
284, 285, 290, 291, 292, 296, 314, 315, 316, 319, 320, 344, 349, 350, 352 and 355.
One of the documents ordered disclosed involves someone by the name of "Schott", and is ordered to be turned over on the basis that she is not identified as an attorney.
Further, on all the litigation that has been identified, defendant is to turn over to plaintiff all discovery from said litigation including depositions in the possession of the defendant, Wyeth. As to work product, the plaintiff cannot possibly show its need for the documents without knowing what they are. Accordingly, the court has made that judgment, and has further made the judgment that some of the alleged work product cannot be obtained elsewhere by the plaintiff or certainly only with much more difficulty. Those mental impressions of representatives of Wyeth, i.e., Dr. Rosefsky, are considered by the court to be work product.
The court hereby orders that the medical records indicated be disclosed to plaintiff's counsel. Having weighed the factors of privacy and the needs in this case, the court exercises its discretion to order such medical records to be furnished to the plaintiff. However, plaintiff is ordered to comply with this court's direction that these medical records are to be used solely in connection with this case.
Finally, all of the documents in Books 1, 2, 3 and 4 are to remain with the court under seal for review by the Appellate Court if in fact, an appeal does take place. In the meantime, defendant, Wyeth, is ordered to comply with this order of disclosure within 3 days of receipt of this order.
Rittenband, J.